IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLASTIC THE MOVIE LIMITED | : | CIVIL ACTION |
| | : | NO. 15-1634 |
| v. | : | |
| | : | |
| GIRMA KALEB KINFU | : | |

O'NEILL, J.                                                                                        November 4, 2015

## MEMORANDUM

Now before me is plaintiff Plastic the Movie Limited's motion for default judgment (Dkt. No. 13) against defendant Girma Kaleb Kinfu. Plaintiff brings this action against defendant for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101-1332. For the reasons that follow, I will grant in part and deny in part plaintiff's motion.

## BACKGROUND

Plaintiff owns the copyright for the film "Plastic." Dkt. No. 6 at ¶ 10; Dkt. No. 6-2 at ECF p. 2. On March 30, 2015, plaintiff brought this action for copyright infringement against a John Doe defendant in violation of 17 U.S.C. §§ 106 and 501, seeking statutory damages, permanent injunctive relief, costs and attorney's fees. Dkt. No. 1 at ECF p. 7. After I granted plaintiff's motion to serve discovery on defendant's internet service provider on April 2, 2015, plaintiff identified defendant through his internet protocol (IP) address. Dkt. No. 6 at ¶¶ 9, 32-34. Defendant was identified as Girma Kaleb Kinfu, a resident of Philadelphia, Pennsylvania.[1] Id. at ¶ 9. Plaintiff amended its complaint to include defendant's identity on June 19, 2015 and

---

[1] The internet service provider that plaintiff served identified defendant's mother as the owner of the IP address that allegedly downloaded plaintiff's copyrighted work. See Dkt. No. 6 at ¶ 32. However, plaintiff has sued defendant rather than his mother because its investigation concluded that "[d]efendant had access to and regularly used the Internet at the subject IP address, which infringed [p]laintiff's works." Id. at ¶ 38. Plaintiff also determined that defendant's "publically-declared likes and interest[s] on social media" matched the topics in the works that were allegedly distributed over peer-to-peer networks. Id. at ¶ 39.

served defendant on July 27, 2015.  Id.; Dkt. No. 8.  Plaintiff's amended complaint and attached documents allege that on January 10, 2014 defendant used BitTorrent — an electronic peer-to-peer file sharing system — to download plaintiff's copyrighted work without plaintiff's permission.[2]  Dkt. No. 6 at ¶¶ 15, 25-26; Dkt. No. 6-1 at ECF p. 1.  Plaintiff also claims that defendant unlawfully copied and distributed its copyrighted work.  Dkt. No. 6 at ¶¶ 31, 45.  Plaintiff claims that defendant "willfully" committed copyright infringement within the meaning of 17 U.S.C. § 504(c)(2).  Id. at ¶ 48.

On September 3, 2015, the Clerk of Court entered a default against defendant on plaintiff's motion after defendant failed to plead or otherwise defend this action.  On October 2, 2015, plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).  An assessment of damages hearing was held on November 3, 2015.  Defendant did not appear.

## DISCUSSION

### I.   Default Judgment

Plaintiff first requests an entry of default judgment against defendant.  Defendant must have been properly served for a default judgment to be appropriate.  Plaintiff filed a certificate of service indicating that defendant's mother, with whom defendant resides, was served with a copy of plaintiff's amended complaint and summons on July 27, 2015.  Absent evidence to the contrary, I find that service was valid and that the Clerk of Court properly entered a default.

Following an entry of default by the Clerk of Court, courts may enter default judgment

---

[2] BitTorrent is a software program that allows users to upload files "which can then be accessed by other users (referred to as 'peers') who can request to download the file." Malibu Media, LLC v. Flanagan, No. 2:13-CV-5890, 2014 WL 2957701, at *1 (E.D. Pa. July 1, 2014) (citation omitted).  Once a file is uploaded, BitTorrent "join[s] together multiple internet subscribers . . . who are seeking to download the same movie at the same time.  These individuals do not know each other.  The software sends different 'bits' of the same movie to different users and when the overall download is completed, each internet subscriber who has logged onto the software will have the complete movie on his or her own computer hard drive." Malibu Media, LLC v. John Does 1, 6, 13, 14, 950 F. Supp. 2d 779, 783-84 (E.D. Pa. 2013).

against a properly served defaulting party pursuant to Federal Rule of Civil Procedure 55(b).  An entry of a default judgment is a matter of judicial discretion, although the Court of Appeals has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).  Upon default, a plaintiff's "well-pleaded allegations are admitted and accepted, [but] the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages."  E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted); see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

I find that all three Chamberlain factors weigh in favor of granting a default judgment to plaintiff.  First, "considerable delays" which might "stretch on indefinitely . . . impair a plaintiff's ability to effectively pursue [a] claim."  Grove v. Rizzi 1857 S.P.A., No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013).  Thus, there would be prejudice to plaintiff if a default judgment were denied because defendant has not attempted to defend this action and plaintiff has no other way to vindicate its claim against defendant.  Further, there is nothing in the record to suggest that defendant has a litigable defense because defendant has failed to appear.  Finally, an unexplained failure to "engage[] in the litigation process" may constitute "culpable conduct with respect to the entry of a default judgment — indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." Shoemaker, 657 F. Supp. 2d at 554.

To succeed in a claim for copyright infringement, plaintiff must prove "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). Plaintiff has proven its ownership of the copyright for the film at issue in this case. Dkt. No. 6-2 at ECF p. 2. As an entry of default accepts plaintiff's well-pled allegations that defendant downloaded, copied and distributed its copyrighted work through a peer-to-peer file sharing system without plaintiff's authorization, I find that plaintiff has established a claim under the Copyright Act. See Dkt. No. 6 at ¶¶ 15, 25-26.

Additionally, defendant claims that the "main purpose [of BitTorrent software] is to share unlicensed content" and that "a substantial amount of technical configuration is required." Dkt. No. 13-1 at ECF p. 5. By defendant's failure to appear, plaintiff has established that defendant's use of BitTorrent to download a work for free for which he otherwise would have needed to pay was willful. Dkt. No. 6 at ¶ 48. See Cui, 2014 WL 5410170 at *3 (finding defendant's copyright infringement willful when defendant failed to respond and defendant used BitTorrent to avoid paying for a work); Malibu Media, LLC v. Flanagan, No. 2:13-CV-5890, 2014 WL 2957701, at *2 (E.D. Pa. July 1, 2014) (same); Sony Music Entm't v. Cassette Prod., Inc., No. 92-4494, 1996 WL 673158, at *3 (D.N.J. Sept. 30, 1996) (finding defendant's actions willful after defendant defaulted in a copyright infringement matter).

## II. Damages

### A.    Statutory Damages

Plaintiff seeks $30,000 in statutory damages. The Copyright Act allows copyright holders who have established liability to elect to recover statutory damages of a minimum of $750 and a maximum of $30,000 rather than seeking actual damages. 17 U.S.C. § 504(c)(1).

4

Damages may be awarded "as the court considers just." Id.  Statutory damages may be awarded both to "compensate the plaintiff for the infringement of its copyright; and [to] deter future infringements by punishing the defendant for its actions." Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, No. 03-4962, 2005 WL 67077, at *4 (E.D. Pa. Jan. 11, 2005).  In utilizing my discretion to award statutory damages under § 504(c)(1), I may consider "(1) expenses saved and profits reaped by defendants in connection with the infringement; (2) revenues lost by the plaintiffs; and (3) whether the infringement was willful and knowing, or whether it was accidental and innocent." Broad. Music, Inc. v. Golden Horse Inn Corp., 709 F. Supp. 580, 581 (E.D. Pa. 1989).

Plaintiff requests $30,000 for defendant's infringement because it claims defendant acted willfully and in order to deter future infringement.[3]  Dkt. No. 13-1 at ECF p. 8.  The facts in this case do not support awarding plaintiff's requested amount.  In similar cases, courts have found that damages awards between $750-$6,000 per infringement were sufficient to deter infringements while compensating plaintiff.  See Flanagan, 2014 WL 2957701, at *4 (collecting similar cases involving the unauthorized online distribution of copyrighted material that awarded statutory damages between $1,500 and $2,250 per infringement); Patrick Collins, Inc. v. Gillispie, No. 11-CV-01776-AW, 2012 WL 666001, at *3 (D. Md. Feb. 23, 2012) (collecting similar cases showing that "the vast majority of courts to consider statutory damages in similar cases regarding copyright infringement by use of BitTorrent or other online media distribution systems have found damages of up to $6,000 per work to be sufficient."). Flanagan, a nearly factually identical case in this District, found that a statutory award of $1,500 per copyright infringement was reasonable and sufficient to deter future infringements by defendant while

---

[3]     17 U.S.C. § 504(c)(2) permits statutory damages of up to $150,000 for willful infringements.  However, as plaintiff only seeks $30,000, it is not necessary to consider the applicability of this provision.  See Dkt. No. 13-1 at ECF p. 8.

5

compensating plaintiff where defendant did not originally upload a copyrighted work to BitTorrent but did download the work and participated in sharing the work through BitTorrent. See Flanagan, 2014 WL 2957701, at *4.  Here, as in Flanagan, there is no evidence that defendant profited off of plaintiff's work beyond the money he saved by illegally downloading the film.  See AF Holdings LLC v. Bossard, 976 F. Supp. 2d 927, 931 (W.D. Mich. 2013).  There is no evidence of plaintiff's lost revenues.  However, there is evidence that defendant acted willfully.[4]  I find it appropriate to award damages in an amount less than the plaintiff's request but more than the statutory minimum because defendant's use of BitTorrent did not just allow him to download plaintiff's work but also facilitated disseminating the work.  Therefore, I will enter judgment in favor of plaintiff in the amount of $1,500, or double the statutory minimum.

      B.      **Attorney's Fees and Costs**

Plaintiff seeks attorney's fees ($1,182) and costs ($475) totaling $1,657.  Dkt. No. 13-1 at ECF p. 14.  The Copyright Act provides district courts with the discretion to award costs and attorney's fees to a prevailing party in a copyright infringement case.  17 U.S.C. § 505.  After reviewing the declaration of plaintiff's counsel itemizing the costs and fees in this case, I find that plaintiff's requested fees and costs are reasonable.  See Dkt. No. 13-5 at ¶¶ 8-9.

---

[4] Plaintiff cites four cases outside of this Circuit to support its argument that $30,000 in statutory damages are appropriate for one count of online copyright infringement. Dkt. No. 13-1 at ECF p. 9.  The two cases from within this Circuit that plaintiff cites to support awarding $30,000 in statutory damages are not factually analogous.  See Ackourey v. Raja Fashions Bespoke Tailors, No. 13-2315, 2014 WL 4473656, at *1, 4 (E.D. Pa. Sept. 11, 2014) (awarding $300,000 in statutory damages when defendants "flagrantly and intentionally infringed" on plaintiff's copyrighted drawings of clothing styles by posting plaintiff's images on their website and passing them off as defendants' images); Universal City Studios, Inc. v. Ahmed, No. 93-3266, 1994 WL 185622, at *1, 4 (E.D. Pa. May 13, 1994) (awarding $20,000 in statutory damages when defendants videotaped plaintiffs' copyrighted film while it was playing in a movie theater and profited from selling pirated videotapes).

### C. Injunctive Relief

Finally, plaintiff requests permanent injunctive relief to enjoin defendant from infringing on plaintiff's copyright and ordering defendant to destroy all copies of plaintiff's work from his computers. Dkt. No. 6 at ECF p. 7-8. District courts may "grant temporary and final injunctions on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In deciding whether to grant a permanent injunction, the Court of Appeals has held that district courts must consider "whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

First, plaintiff has pled facts sufficient to support the entry of a default judgment against defendant. Thus, plaintiff has demonstrated success on the merits of its case. Second, plaintiff has shown that it will be irreparably harmed by the denial of injunctive relief because defendant can use the BitTorrent software to distribute plaintiff's work to other users. Third, an injunction will not harm defendant because it will only prevent him from infringing on plaintiff's copyright. Finally, the public interest will be served by granting an injunction because copyright protections "prevent[] the misappropriation of the skills, creative energies, and resources which are invested in the protected work." Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983) (citation omitted). Plaintiff has demonstrated that it spent considerable time and money on the production of its film. Dkt. No. 6 at ¶¶ 11-14.

### CONCLUSION

For the above reasons, I will grant in part and deny in part plaintiff's motion for default

judgment.  Judgment will be entered against defendant in the amount of $1,500 in statutory damages and $1,657 in fees and costs.  Defendant will be enjoined from directly or indirectly infringing on plaintiff's copyright for the film "Plastic" under federal and state law and will be ordered to destroy all copies of plaintiff's work that defendant downloaded without plaintiff's authorization.

      An appropriate Order follows.